THE STATE EX REL. JAMES ESTES, by His Next Friend, ELIZABETH ESTES, v. FRANCIS H. TRIMBLE ET AL., Judges of Kansas City Court of Appeals.—43 S. W. (2d) 1040.

Division One, November 20, 1931.

*C. R. Leslie, Eastin & McNeely* and *Cowgill & Popham* for relator.

*Mayer, Conkling & Sprague* for respondents.

GANTT, P. J.—This came to me on reassignment. Relator seeks to have quashed the opinion of the Kansas City Court of Appeals in James Estes, by next friend, v. Kansas City, Clay County & St. Joseph Railroad Company.

Respondents move to dismiss the proceeding, alleging failure of relator to file an abstract in accordance with our rules. We find the abstract sufficient to afford a complete understanding of the questions for review. The motion is overruled.

Facts stated in the opinion follow:

"This is an action for personal injuries. The petition alleges that plaintiff, an infant, was riding in a wagon over which he had no control and which was being driven by another across and over the public intersection at Twelfth Street and Burlington Avenue in or near North Kansas City, Missouri; that defendant was engaged in operating an interurban car over its tracks and negligently caused and permitted the same to collide with the wagon, permanently injuring the plaintiff. . . .

"It is alleged that the plaintiff was in imminent peril and defendant knew or by the exercise of ordinary care would have known thereof, in time thereafter, by using ordinary care, and the means at hand and with safety to the car and those upon it, to have stopped or slackened the speed of the car or given warning of the approach thereof in time to have prevented the collision and injury, all of which defendant negligently failed to do. The evidence disclosed that . . . on the day that plaintiff was injured he was riding in a wagon with his mother, his grandfather, and an old negro who

was driving. The negro drove the team and wagon on the west side of the railway tracks at a slow walk until he reached Twelfth Street, at which place it was necessary to turn in an easterly direction across the railway tracks; because the west side of the highway north of Twelfth Street was not open to traffic. The evidence was conflicting as to whether or not the bell was rung or the whistle sounded, and there was evidence from which the jury could have found that the motorman could or could not have seen the wagon and the occupants thereof in a position of peril in time to avoid a collision."

The jury returned a verdict for defendant. Plaintiff's motion for a new trial was sustained. In ruling the motion the court assigned error in giving, at the request of defendant, an instruction directing the jury on the duty of defendant, under the humanitarian rule, to warn plaintiff of the approach of the car. Defendant appealed. The instruction follows:

"The court instructs you that if you find that the bell on the interurban car was rung when the car was one-fourth mile north of Twelfth Street and continued to ring until the collision and that, when the motorman knew or in the exercise of ordinary care should have known that the occupants of the wagon had not seen the car and intended to drive upon the track, he sounded the alarm blasts of the whistle, then you cannot find that ordinary care was not used in giving warning to the occupants of said wagon."

The court of appeals ruled that the trial court committed no error in giving this instruction. In doing so, it said :

"Under all of the evidence, the interurban car was near enough that a blast of the whistle, if given forthwith, might have avoided the injury. If it was not heard then, in view of the rapidly changing situation, and the fact that the mules that drew the wagon were walking, the jury would not be justified in finding that the defendant failed to give warning if he did not continuously repeat the sound of the whistle. The allegation is that the defendant failed to give warning after plaintiff's peril and obliviousness upon the part of the occupants of the wagon should have been discovered. The evidence shows that the peril became apparent when the interurban car was a short distance away. If the bell was rung continuously and the whistle was sounded when the peril arose, then there was no failure to warn. The instruction requires the jury to find that the whistle was sounded 'when' the operator knew or should have known of the peril and the obliviousness thereto. 'When' means 'at which time,' 'at the time that,' 'as soon as.' [Funk & Wagnalls Standard Dictionary.]"

Thus it appears that said court construed the instruction to direct the jury that it would be sufficient warning if the motorman gave "alarm blasts" when (as soon as) the peril arose. It also appears

that said court found that "if it (the whistle) was not heard then (when defendant discovered the peril), in view of the rapidly changing situation and the fact that the mules that drew the wagon were walking, the jury would not be justified in finding that the defendant failed to give warning if he did not continuously repeat the sound of the whistle." It follows from this finding that the motorman could have given other "blasts" of the whistle before the collision. Clearly, it was for the jury to determine if other "blasts" could have been heard by the occupants of the wagon in time to have avoided the collision. The ruling invaded the province of the jury and is in conflict with many decisions of this court, some of which follow: Dutcher v. Railroad, 241 Mo. 137, l. c. 174, 145 S. W. 63; Lewis v. Railroad, 319 Mo. 233, l. c. 239, 240, 3 S. W. (2d) 371; Rice v. Transit Co., 216 S. W. 746, l. c. 752, 753; Scullin v. Railroad, 184 Mo. 695, l. c. 706, 83 S. W. 760; Reardon v. Railroad, 114 Mo. 384, l. c. 403, 21 S. W. 731.

The opinion and judgment under review should be quashed. It is so ordered. *Atwood* and *Frank, JJ.*, concur; *Ragland, J.*, dissents.