Hartman *v.* Flaherty.

No. 6782.

HARTMAN *v.* FLAHERTY.

PRACTICE.—*Interrogatories.— Verdict.*—Answers to interrogatories, which are inconsistent and irreconcilable with the general verdict, must prevail.

SAME.— *Venire de Novo.*—A *venire de novo* is not the proper method to raise the question of the sufficiency of an answer to an interrogatory.

SAME.—*Evidence.*—The answer to an interrogatory does not show what the evidence was, but merely the fact found from the evidence by the jury.

SAME.—*Instructions.—Presumption.—Supreme Court.*—Where, under the allegations of the complaint, evidence might have been given that would have rendered instructions proper, the Supreme Court, in the absence of the evidence, will presume that it was given.

SAME.—*Recalling Jury and Modifying Instruction.*—It is not error to recall a jury and modify an instruction supposed to be erroneous, and read it to them as modified.

FRAUD.—*False Representations of Values.* — Representations of values are matters of opinion, and, however false, do not constitute fraud or create a cause of action in favor of one who has relied upon them.

From the Allen Circuit Court.

*R. S. Taylor* and *J. Morris,* for appellant.

*W. G. Colerick, H. Colerick* and *T. W. Colerick,* for appellee.

FRANKLIN, C.—This is an action brought by appellee against appellant for damages on account of fraudulent representations in the exchange of lands.

Issue was formed by a general denial to the complaint, and an agreement to give every defence in evidence under the general denial. Trial by jury; verdict for appellee; and, after motions for a *venire de novo,* for a new trial, for judgment *non obstante veredicto,* and in arrest of judgment, judgment was rendered for appellee for $537.

The errors assigned in this court are:

1st. Overruling the demurrer to the complaint.

2d. Overruling the motion for a *venire de novo.*

3d. Overruling the motion for a new trial.

4th. Overruling the motion for judgment *non obstante veredicto.*

5th. Overruling the motion in arrest of judgment.

6th. In rendering judgment for the plaintiff.

No question is presented in appellant's brief upon the ruling of the court upon the demurrer to the complaint, and we perceive no objection to it. The first error assigned may, therefore, be considered as waived.

The motion for a *venire de novo* is not based upon any irregularity in the general verdict, but upon an alleged irregularity of a deficient answer to one of the interrogatories. A *venire de novo* is not the proper method to raise the question of the sufficiency of an answer to an interrogatory. *West* v. *Cavins*, 74 Ind. 265; Busk. Prac. 219; *McElfresh* v. *Guard*, 32 Ind. 408. There was no error in overruling the motion.

The third error assigned is the overruling of the motion for a new trial. Under this, there are two reasons urged why a new trial should have been granted: First, that the answer to the third interrogatory shows what the evidence was, and that it did not support the verdict. The answer to the interrogatory does not show what the evidence was; the jury only answered as to facts, and not as to the evidence. And the evidence, not being in the record, we can not tell what it was or whether it supported the verdict or not.

The second reason urged for a new trial is, that the court erred in its instructions. Under the allegations of the complaint, a state of evidence might have been given to the jury that would have rendered the instructions proper, and, in the absence of the evidence, we must presume that such evidence was given. *Stratton* v. *Kennard*, 74 Ind. 302; *Byram* v. *Galbraith*, 75 Ind. 134; *Hunt* v. *Elliott, ante*, p. 245.

It is further insisted that the court erred in calling the jury back after they had been out for some time without agreement, and modifying and re-reading to them instruction numbered 5. There was nothing wrong in the manner in which the modification was made. If the court thought that it had made a mistake in the instruction, the sooner it remedied it by correcting the mistake, the better, before the jury had finally acted upon the case.

The modification was in favor of appellant, and we do not think that he has a right to complain of its having been made or the manner of doing it.   It could in no way operate to his injury.

The other reasons in the motion for a new trial have not been presented by appellant in his brief, and may be considered as waived.

We see no error in overruling the motion for a new trial.

The fourth error assigned is for overruling appellant's motion for judgment on the special findings of the jury, notwithstanding the general verdict.   These special findings were in answer to interrogatories.

There have been no cross errors assigned by appellee in relation to any irregularities in the submission of the interrogatories to the jury, and the question presented by counsel in relation to this matter is not before us for decision.   The interrogatories went before the jury, and, whether rightfully or wrongfully there, we must treat them as being properly before the jury.

The action was based alone upon alleged damages on account of fraudulent representations in relation to an exchange of lands between the parties.   The jury, in their answers to the interrogatories, limited all the representations made by appellant to appellee, in relation to the lands transferred by him to her, to representations of value only.   Such representations are matters of mere opinion, upon which the party to whom they were made had no right to rely, and it would be her own folly to do so ; however false they may have been, they could not constitute fraud, or be a sufficient basis for a cause of action.   *Kennedy* v. *Richardson*, 70 Ind. 524.   See authorities therein cited.

The answers to the interrogatories find all the facts in favor of appellant, necessary to constitute a defence to the action; and, as they are inconsistent and irreconcilable with the general verdict, they must prevail.   *Miller* v. *Wade*, 58 Ind. 91.

The court below erred in overruling the motion of appel-

lant for judgment in his favor upon the special answers to the interrogatories, notwithstanding the general verdict for appellee, for which error the judgment below ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things reversed, at appellee's costs, and that the cause be remanded, with instructions to the court below to sustain appellant's motion for judgment in his favor upon the answers to the interrogatories, and to render judgment thereon accordingly.