LUDWIG H. KELLER et al., Appellants, *v.* ABRAHAM STRAS-BURGER, Respondent.

Where goods are sold on credit a notice given to the vendor by the vendee before the expiration of the credit that he will not be able to pay is not a waiver of the credit and does not authorize the bringing of an action before the debt becomes due under the contract.

While the court cannot on trial be called upon as a matter of right to instruct the jury as to the consequences which may flow from their verdict, it may in its discretion so instruct them.

In an action to recover for goods sold the complaint contained no allegations of fraud on the part of the vendee; an order of arrest, however, was issued and executed, and upon the trial plaintiff gave evidence tending to show that at the time of making the purchase and to induce the credit defendant made false representations as to his solvency. The court in submitting the question of fraud to the jury stated in substance that if the facts as to the fraud claimed by plaintiff were found by the jury, the law gave him an additional remedy, *i. e.*, a body execution and imprisonment under it, and it was for the jury to determine whether plaintiff was to have this right as the result of their verdict or simply to be remitted to the ordinary rights of a creditor. *Held* no error. (Code of Civil Procedure, § 1487.)

(Argued October 27, 1882 ; decided November 21, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made January 28, 1881, which affirmed a judgment in favor of defendant, entered upon a verdict. (Reported below, 23 Hun, 625.)

The nature of the action and the material facts are stated in the opinion.

*A. G. Vanderpoel* for appellants. Where a contract has mutual obligations, one party cannot insist on performance by

the other parties of their part when he is unable and unwilling to carry out his part thereof, as the mutuality of the contract is destroyed. (*Nelson et al.* v. *Plimpton Fire Proof Co.,* 55 N. Y. 480; *Franchot* v. *Leach,* 5 Cow. 506; *Traver* v. *Halsted,* 23 Wend. 66.) The jury had not the right to consider the fact that the plaintiff would have the right to arrest the defendant as a result of their verdict, even if the plaintiff had that right. (*Benedict* v. *Johnson,* 2 Lans. 94; *Hicks* v. *Foster,* 13 Barb. 663; *Coyle* v. *City of Brooklyn,* 53 id. 41, 62; *Knupfle* v. *Knick. Ins. Co.,* 84 N. Y. 492; *Carnes* v. *Platt,* 6 Rob. 270; *Hyland Bk.* v. *Wynkoop,* Hill & Denio, 243; *Castemos* v. *Ritter,* 3 Duer, 370; 15 Wend. 647; 7 id. 142; *Wardell* v. *Hughes,* 3 id. 418; *McKenna* v. *The People,* 81 N. Y. 361, 362, 363.)

*Morris Goodhart* for respondent. The motion for judgment was properly denied; there was no rescission of the contract on the part of the defendant. (*Marson* v. *Bovet,* 1 Denio, 69; *Fisher* v. *Conant,* 3 E. D. Smith, 199; *Colville* v. *Besley,* 2 Denio, 139; *McCracken* v. *Cholwell,* 4 N. Y. 133; *Laird* v. *Moore,* 3 Sandf. 589; *Keller* v. *Strasburger,* 23 Hun, 625.) The court did not err in charging that if the plaintiffs obtained a verdict they could imprison the defendant on execution, an order of arrest having being granted. (Code, § 1487, subd. 2.) When a buyer omits to disclose the fact of his insolvency or great pecuniary embarrassment in consequence of an honest belief that he can improve his condition, and will be able to pay for the goods, the purchase is not fraudulent. (*King* v. *Phillips,* 8 Bosw. 603; *Nichols* v. *Penner,* 18 N. Y. 295; *Johnson* v. *Morrell,* 2 Keyes, 655; *Chaffie* v. *Fort,* 2 Lans. 81; *Anonymous,* 67 N. Y. 598; *Roebling* v. *Duncan,* 8 Hun, 502.) It is only when a verdict is against the evidence and was induced by partiality, prejudice, or corruption, or is the result of an obvious mistake that an appellate court will interfere with it. (*Pearson* v. *Fiske,* 2 Hilt. 146; *S. C.,* 1 Abb. 419; *Parker* v. *Jervis,* 3 Keyes, 271; *S. C.,* 34 How. Pr. 254; *Boarst* v. *Spelman,* 4 N. Y. 284; *Western* v. *Genesee Mut.*

*Ins. Co.*, 12 id.°258 ; *Griscom* v. *Mayor, etc.*, id. 586 ; *Newton* v. *Bronson*, 13 id. 587 ; *McKnight* v. *Chauncey*, Selden's Notes [2d ed.], 60 ; *Lockwood* v. *Thorne*, 11 N. Y. 170.)

EARL, J. This action was brought for goods sold and delivered, the complaint containing no allegation of fraud. The defendant in his answer alleged that the goods were bought upon a credit of four months, and that the credit had not expired at the commencement of the action. Upon the trial the defendant proved his allegation as to the credit, and then the plaintiffs gave evidence, which was controverted by the defendant, tending to show that at the time of the purchase, and to induce the credit, the defendant made false representations as to his solvency. The plaintiffs also proved that before the expiration of the credit, and before the commencement of the action, the defendant gave them notice that he would not be able to pay for the goods at the expiration of the credit. The plaintiffs claim that this notice was a waiver of the credit, that it destroyed the mutuality of the contract, and that they could, in consequence thereof, at once commence this action without waiting for the expiration of the credit. This is a novel claim, unsupported by any authority. The contract was not repudiated by the defendant, and remained in force notwithstanding his declared inability to perform it on his part.

The trial judge submitted the question of fraud in the purchase of the goods to the jury, properly instructing them as to the principles of law applicable. In the course of his charge he said : " If those facts are true (the facts relating to the alleged fraud), and they are found so by the jury, then the law gives Mr. Keller an additional remedy against Mr. Strasburger, and that is to issue an execution against his person and to incarcerate him in prison as a punishment, to a certain extent, for the fraud he has perpetrated upon Mr. Keller ; and the question for you to determine is, whether Mr. Keller is to have the right to imprison Mr. Strasburger as the result of your verdict, or he is simply to be remitted to his rights as creditor, and as such creditor procuring his judgment against the debtor and issuing his execution against his property."

All that portion of the charge ending with the word "verdict" was excepted to by plaintiffs' counsel. In taking the exception, he stated that an order of arrest had been issued. The portion of the charge excepted to rested upon the assumption that an order of arrest had been both issued and executed, and this must have been meant by the statement, as otherwise it had no pertinency. It was not claimed that the order of arrest, although issued, had not been executed. If that had been true, the attention of the judge should have been called to it. It must, therefore, be assumed, as it was assumed by the trial judge, that an order of arrest had both been issued and executed, and that being so, the judge did not err in stating to the jury that a verdict and judgment in favor of the plaintiffs would authorize an execution against the person of the defendant. (Code, § 1487.) While a trial judge cannot ordinarily be called upon as matter of right, by either party, to instruct the jury as to the consequences which may flow from their verdict, yet he may, in his discretion, so instruct them. It is frequently important to give the jury such instruction to induce them to greater care in weighing and scrutinizing the evidence, and we cannot say that the judge erred in giving it in this case.

We think no error was committed upon the trial, and that the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.