### CLAFLIN *et al. v.* DU BOIS.

(*Supreme Court, General Term, First Department.* March 29, 1889.)

APPEAL—REVERSAL—EFFECT.

In replevin for goods sold, on the ground of fraudulent representations by the buyer, the circuit court directed a verdict for defendant on the ground that there was no evidence to sustain a verdict for plaintiff. This order was reversed by the general term, and a new trial ordered with directions to submit the questions to the jury. *Held*, that it was error for the judge of the circuit court, without hearing new evidence, to direct a verdict for plaintiff on the ground that the general term had found as a fact the existence of fraud, as the defendant was entitled to have a trial, and findings by the trial court based on its own views.

Appeal from circuit court, New York county.

Replevin by H. B. Claflin & Co. against James G. Du Bois for goods sold and delivered. The trial judge directed a verdict for defendant. On appeal to the general term, 1886, it reversed the order. 40 Hun. 631, *mem.* The cause came on for trial before the same judge, who directed a verdict for plaintiff, based on the following opinion: "In this case on the former trial, I thought there was no evidence on which a verdict for plaintiff could be sustained. In this the general term thought I erred. On the evidence, if there is any evidence to go to a jury, plaintiff is entitled to recover. The question simply turns on whether the declarations on which the general term have held the error can sustain a verdict. I think there should be judgment for plaintiffs, as, on the finding of the general term, the test they rely on is the only evidence on that subject. My own view of the case has not changed, but I am controlled by that decision." Defendant appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Marston Niles*, for appellant.    *Winchester Hall*, (*S. F. Kneeland*, of counsel,) for respondent.

BRADY, J.    This case has been twice disposed of.    On the first trial the learned judge presiding, on a motion made for that purpose, directed a verdict for the defendant, on the ground that there was no evidence on which a verdict for the plaintiff could be sustained.    The plaintiff appealed, and we held it our duty to reverse the judgment, for the reason that there was sufficient evidence to require the submission of the questions in issue to the jury for their consideration and determination, and that there must therefore be a new trial.    This was had before the same justice who presided at the first trial, and without a jury.    The record presents these facts, viz., that, although findings are made in favor of the plaintiff, they are so made not on consideration of the evidence, but in deference to the judgment of this general term, already mentioned.    It was assumed that the general term had passed upon the chief element against the defendant, which is the utter falsity of the representations which were made by him prior to his purchase from the plaintiff. The learned judge says: "I think there should be judgment for the plaintiffs as, on the findings of the general term, the test they rely on is the only evidence on that subject.    My own view of the case has not changed, but I am controlled by that decision."    This is an entire misconception of the judgment and opinion of the general term.    That tribunal found no fact passed upon,—no question of fact in any form,—but declared merely that the evidence taken should have been submitted to the jury.    And it is quite apparent, the controversy having been submitted to the learned justice on precisely the same evidence as given upon the former trial, it was his duty, if his view of it were unchanged, to have found for the defendant.    He did not consider the evidence, however, but was controlled by our judgment, which he construed as a finding in favor of the plaintiffs, and based his finding on that, in violation of his own views.    The defendant has had no trial. This he was entitled to, and could not be deprived of it.    Whether the declarations made by him were true or false, and whether, if false, they were fraudulently made, were the questions this court thought should have been submitted to the jury, and which were in fact submitted to the learned judge on the second trial, for his examination and judgment.    It would be a failure of justice to sustain such a judgment, standing, as it does, not upon the deliberate action of the tribunal intrusted with it, but upon the assumed decision of another tribunal, which had made no disposition of the facts, other than to direct their proper investigation.    What the jury were not allowed to do, and ought to have done, the learned judge has also failed to do.    This result arises, of course, from a misconception of the judgment of the general term, and the duty imposed by it, and, though unfortunate for the litigants, because of the delay which ensues, can nevertheless be corrected.    For these reasons, the judgment must be reversed, and a new trial ordered, with costs to the appellant, to abide event.

VAN BRUNT, P. J., and DANIELS, J., concur.