## PANAMA R. CO. *v.* JOHNSON.

*(Supreme Court, General Term, First Department.  February 18, 1892.)*

1. CONVERSION OF MONEY RECEIVED BY EMPLOYE—WEIGHT OF EVIDENCE.
   In an action by a corporation against its cashier for money alleged to have been embezzled by him it appeared, as to a certain portion of such money, that defendant received the same, but by order of his superior did not credit it on the books of the company, although the latter actually received it; and, as to the remaining part, that defendant sold a lease of land of the company, to which he was entitled, but which was made out to his transferee, at a premium, which he retained. *Held,* that a finding of the jury that there was no embezzlement would not be disturbed.

2. SAME—BURDEN OF PROOF.
   In such a case the burden of proof is upon plaintiff to show not only the receipt of the money by defendant, but the embezzlement or misappropriation thereof by him.

3. TRIAL—READING TO JURY DECISION ON FORMER APPEAL IN SAME CASE.
   It is not error for the court to read, from an opinion of the general term on a former appeal in the case on trial, that part which laid down the law as applicable to the case, where nothing contained therein states the result of the previous trial.

4. SAME—INSTRUCTING JURY AS TO CONSEQUENCES OF VERDICT.
   In an action to recover money embezzled by an employe the court may, in its discretion, instruct the jury as to the consequences to defendant which would follow a verdict for plaintiff.

Appeal from circuit court, New York county.

Action by the Panama Railroad Company against Richard L. Johnson to recover moneys alleged to have been embezzled. Plaintiff appeals from a judgment for defendant entered upon a verdict, and from an order denying a motion for a new trial. Affirmed. For former report, see 12 N. Y. Supp. 499.

Argued before VAN BRUNT, P. J., and LAWRENCE, J.

*Moore, Low & Wallace,* (*Thomas S. Moore* and *Paul Fuller,* of counsel,) for appellant. *Johnes & Willcox,* (*Stephen W. Fullerton* and *Henry C. Willcox,* of counsel,) for respondent.

VAN BRUNT, P. J. This action was brought to recover three sums of money,—one of $1,500, one of $700, and one of $3,000,—alleged to have been received by the defendant as cashier of the plaintiff at the city of Colon, upon the Isthmus of Panama, and embezzled and fraudulently misapplied by him. The defendant admitted the receipt of the moneys, but denied the embezzlement, and alleged that he had paid over and accounted for all the funds of the plaintiff which he had received as such cashier. The principal ground of complaint which seems to be urged upon this appeal is that the jury should have believed what the appellant's counsel terms the "extraordinary story" told by the defendant and his witnesses. But, they having believed the same, we do not see, even if we felt inclined, (which we do not,) that we could interfere with the result. The evidence in the case, if true, showed that the defendant did not apply to his own purposes or embezzle any portion of the $1,500 or the $700 claimed by the appellant, and that every cent of these moneys went into the treasury of the plaintiff, and was received by it. The only irregularity, if such, under the circumstances, it could be called, was that it was not properly credited on the books. Mere book-keeping cannot constitute the crime of embezzlement. There must be a misappropriation of the money embezzled, and a withdrawal of the same from the use of the person to whom it belonged. In the case at bar the railroad company received the $1,500 and the $700 which had been received by the defendant as its cashier, and which, pursuant to the instructions received from his superior, and the agent of the plaintiff, he had not entered in the books. No part of this money was either misappropriated or embezzled by the defendant, and, as already stated, the plaintiff received into its treasury every cent thereof. In respect to the item of $3,000, it appears that that arose out of a transaction

in reference to a lease, which the plaintiff, through its agent, agreed to give to the defendant. It appeared that the highest rent which the plaintiff thought it prudent to charge for any of its lots was the sum of $360; that it had agreed to lease a certain lot to the defendant, and the lease had been made out, although not actually delivered; that thereupon the defendant sold this lease to another party, who paid him $3,000 therefor, and this money was received by him, and divided between himself and others who were interested in the lease. It is not pretended but that the defendant could take this lease; but it is claimed that, because he got a premium upon it, he should account to the plaintiff for that premium. The jury believed the evidence offered upon the part of the defendant in this respect, and found that the defendant was entitled to the lease from the company; that the defendant sold it at a premium; that, although the lease was made out from the company to the defendant's transferee, he merely stepped into the rights of the defendant; and that the defendant was entitled to the premium which was paid for that transfer. It was a customary thing for the employes of the company to take leases from the company, and their right to do so seems to have been recognized by the company. Under these circumstances, it would be a harsh rule to hold that this defendant was guilty of embezzlement simply because he received a premium upon the lease which he was entitled to receive from the plaintiffs.

Various objections are raised to the requests to charge made on behalf of the plaintiff, but upon examination of the same we do not find any error committed therein. They only followed out the principles laid down by the general term upon the previous decision of this case, viz., that the burden lay upon the plaintiff, not only to prove the receipt of the money, but the embezzlement or misappropriation thereof, before they could succeed in an action of this character. The claim that it was error upon the part of the court to read from the opinion of the general term upon the previous appeal seems to have no foundation whatever, because all that the court seems to have read to the jury was that part of the opinion which laid down the law as applicable to the case, and nothing therein contained in any way stated as to what the result of the previous trial had been. The claim that the court erred in the reference in its charge to the consequences which would follow in case a verdict were found for the plaintiff has no foundation. As was intimated upon the argument, the rule is that, while the court cannot on trial be called upon as matter of right to instruct the jury as to the consequences which would follow from their verdict, it may, in its discretion, so instruct them. *Keller* v. *Strasberger*, 90 N. Y. 379. The judgment appealed from should be affirmed, with costs.