GEORGE H. ADAMS AND ANOTHER, AS EXECUTORS OF ALICE C. BARLOW, DECEASED, RESPONDENTS, v. STEPHEN H. OLIN AND ANOTHER, AS EXECUTORS OF SAMUEL L. M. BARLOW, APPELLANTS.

*Mis-trial—former opinion as to a fact, of an appellate court, not binding — what presents an original question of fact — opinion of referee, when considered.*

Where a judgment is reversed by the General Term upon a question of fact and upon a new trial, further, and not unimportant, evidence is produced upon that particular issue before a referee, it is his duty to consider the issue as an original question of fact and to make an independent individual decision thereon. Upon the law of the case he must conform to that declared by the appellate court.

While an opinion of a court or referee cannot be regarded, in order to aid or defeat a judgment, the appellate court may consider the opinion of a referee for the simple purpose of showing that a mis-trial has occurred, in that the referee has yielded his individual judgment upon a particular issue of fact to the expressions of opinion thereon made by an appellate court upon a former trial.

APPEAL by the defendants, Stephen H. Olin and Peter T. Barlow, as executors of Samuel L. M. Barlow, deceased, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 3d day of February, 1892, confirming the report of a referee in favor of the plaintiffs, directing a recovery of $22,771.12, and interest and costs, with notice of an intention to bring up for review upon the appeal an order, entered in said clerk's office on the 1st day of February, 1892, confirming the referee's report.

*George L. Rives,* for the appellants.

*George H. Adams,* for the respondents.

O'BRIEN, J.:

On a former appeal this court reversed a judgment against the plaintiffs, and under the order of reversal appointed another referee,

and it is from a judgment entered upon the latter's report, sustaining the plaintiff's claim, that this appeal is taken.

A statement of the claim and the defenses urged before the referees need not be formulated again, for the reason that they are ably and elaborately set forth in the opinions upon the former appeal, and reported in *Adams* v. *Olin* (61 Hun, 318).

So far as the former decision of the General Term dealt with questions of law, we regard the case as not now open for discussion. It was therein determined, as matter of law, that the plaintiffs' evidence made out a *prima facie* case, and that the provision for Mrs. Barlow, in her husband's will, did not, in law, amount to a satisfaction of this claim. In addition, there was discussed upon the former appeal, in the opinions, the question of the statute of limitations and payment, both defenses interposed by the defendants. In respect to the former, it being a mixed question of law and fact, the referee was at liberty, if any new evidence was presented in reference thereto, to reach a conclusion thereon, having in mind, however, the decision of this court upon the facts as then presented, which, so far as applicable, would be controlling.

In regard, however, to the question of payment, which is a pure question of fact, this court, upon the ground that the evidence produced on the first trial was insufficient to sustain such a defense, reversed the judgment and remitted the cause back to a new referee, to the end that this question should be again tried. In discussing this question of payment, in the opinions upon the former appeal, it was necessary to state in what respects the evidence relied upon to sustain this defense was insufficient. Such expressions of opinion, however, upon a question of fact, were not binding or conclusive upon the referee, though it was proper and right that he should refer to the same with a view to prevent his falling into the same or any other error which might have been made by the former referee in respect to such evidence. This, however, did not take away from the referee the responsibility which devolved upon him to reach a conclusion upon the facts presented, irrespective of the opinions of the different members of the appellate court in respect to such facts.

A referee stands precisely in the same attitude as a jury. Where a judgment is reversed upon a question of law, a referee, upon a retrial, must conform to the law of the case as declared by the appel-

late court; but where a decision is reversed upon the facts, he stands in the same situation as a juryman, and must find the facts solely upon the evidence presented.

The case of *Claflin* v. *Dubois* (22 N. Y. St. Rep., 551) is directly in point. It was therein held that a judgment should be reversed and a new trial ordered where it was based, not upon the deliberate action of the tribunal before which the cause was tried, but on the assumed decision of another tribunal, which had made no disposition of the facts other than to direct a proper investigation.

The only distinction between the cases is one more favorable to appellant, for the reason that in *Claflin* v. *Dubois* the case was tried the second time on precisely the same evidence, while in the case at bar some additional or new evidence was introduced on the trial upon this question of payment. The parties were, therefore, entitled to the deliberate judgment of the referee upon the question of fact thus presented. He was bound to exercise his own judgment, and was not controlled by the views expressed in the opinions upon the former appeal.

The General Term neither made, nor could it make, any disposition of the facts other than to direct a further inquiry; nor did it deal with this question as one of law, but simply as one of fact; and in sending it before a new referee he was required to proceed with a new trial of the question upon the evidence then presented, the same as though it was then being for the first time tried. It is, of course, entirely proper for the referee to have resort to the opinions expressed by the judges of the appellate court; just as resort might be had to any other argument that would have a bearing upon the question presented for his consideration and decision, but in the end the conclusion to be reached must be the result of his own deliberate judgment, uncontrolled by opinions expressed upon a former appeal.

The record shows clearly that the appellants had not the benefit of a new trial of the question, but that the referee, feeling bound by the views expressed on the former appeal, based his decisions thereon, having resort to the new evidence for the purpose, as stated by him, of determining whether " the facts have been so materially changed as, under the rules laid down by the General Term, to warrant a conclusion different from that reached by that tribunal."

Again, he says: "Although not a little impressed by these three items of evidence, and the claim of the respondents as to their legitimate force and effect, whatever might have been my conclusion upon the whole case, if this had been the first trial of the cause, I do not feel justified in saying that this evidence so radically changes the case presented to the General Term as to necessitate a conclusion different from that arrived at by that tribunal."

The most serious question presented in regard to this error into which the learned referee has fallen relates to the right of this court to resort to the opinion of the referee for the purpose of seeing in what manner his conclusion has been reached. So far as the record shows, outside of the opinion, there is nothing to indicate a failure of the referee to exercise his own judgment. The findings, decision and judgment find support in the testimony presented; and had the referee made such findings and conclusions as the result of his own judgment upon the testimony presented, we should have no hesitancy in affirming the judgment, assuming there was no other question than the defense of payment in the case, for the reason that there is sufficient evidence to support the findings and conclusions made by the referee.

While we have recently held in the case of *Robinson* v. *The New York, Lake Erie and Western Railroad Company* (64 Hun, 41) that an opinion is not evidence, nor can it be resorted to for the purpose of enlarging or destroying a judgment, we do not think that we are at entire liberty to disregard the written expression or statement of the referee, contained in his opinion, in respect to the manner in which the trial before him was conducted. Had the case been tried before a jury, the effect of reading from an opinion of the appellate court a conclusion reached upon a previous trial, or an expression of the court as to the conclusion to be reached upon testimony given upon such former trial, where the question was one of fact, would be, under a proper exception taken, reversible error.

In *Panama Railroad Company* v. *Johnson* (17 N. Y. Supp., 777) it was held that it was not error for the court to read from an opinion of the General Term on the former appeal, in the case on trial, that part which laid down the law as applicable to the case, where nothing contained therein stated the result of the previous trial. This is an undoubted expression of the judge writing the

opinion, that if the portion read from an opinion of the General Term *had* stated the result of the previous trial, it *would have been* error. Much more so would it be error to assume that the opinion expressed by the General Term upon a former appeal was conclusive upon a question of fact presented for their consideration, whether such question of fact was presented upon the same, or upon the same and additional evidence as here.

An attempt to control the deliberations of the jury in the manner indicated would afford an opportunity, by an exception taken, to review the error committed upon the trial. Where, however, as here, the trial took place before a referee, no means was afforded until the fact was ascertained by reference to his opinion of finding that his conclusions were the result not of his own judgment, but of a supposed controlling view entertained by the appellate court. No objection or exception is made to our resorting to such opinion, and we are inclined to the view that to it, just as to any other extrinsic proof, resort may be had where the purpose sought is not to affect or change the judgment, but it is resorted to for the purpose solely of showing that a mis-trial has occurred by reason of error into which a referee has fallen, and which error he states controlled his action and judgment.

Another ground relied upon by appellants has reference to the failure of the referee to exclude the books of account of Mrs. Barlow, produced and offered in evidence by plaintiffs in support of her claim.

Portions of these books were properly admitted, as it was shown that the footings upon certain pages of the books were Mr. Barlow's own entries, and, of course, competent evidence as against him. There was no principle, however, which would have rendered the balance of Mrs. Barlow's accounts admissible in support of her own claim against the defendants. Had the appellants to rely upon this ground only, we should have some hesitancy in reversing the judgment for the reason that the consent given by defendants to the introduction of portions of the account, and the failure to properly except to the introduction of the balance, and the sufficiency of the other testimony upon this question, might be regarded as obviating such an objection.

Upon the ground, however, that the referee erred in his assump-

tion that he was controlled by the supposed decision upon a question of fact upon the former appeal, the judgment must be reversed.

We regret exceedingly that this should be the result of this appeal, believing, in view of what has already occurred, and to prevent further delay and expense in settling two estates, that it would have been better could the questions of law, which necessarily arise in this case, be speedily determined by the appellate courts.

In view of appellants' insistence, however, which we regard as well founded, there must be a reversal of the judgment, which is accordingly ordered, with costs to the appellants to abide the event.

VAN BRUNT, P. J.:

I do not concur in the view which seems to pervade the within opinion, that although the General Term may reverse a judgment because the evidence was not sufficient to support the finding of a referee or jury, that upon a new trial, even if no more or other evidence is offered, the referee or jury may make the same finding which the court at General Term had held the evidence did not support. But the referee in the case at bar went further than this. There was other and additional evidence offered, but because it did not, in his opinion, radically change the whole aspect of the evidence, he felt himself bound by the ruling of the General Term.

How the referee could determine exactly what amount of additional evidence would have caused the General Term to have sustained the finding which they reversed, I cannot imagine. When new evidence was given, it seems to me plain, unless the evidence was absolutely without any probative value whatever, that it was the duty of the referee to weigh the whole evidence, and to give judgment according to conviction impressed upon his mind by the whole evidence, and not to conjecture or guess as to how the General Term might be impressed thereby.

I think, therefore, that the referee erred, and there should be a new trial, with costs to appellants to abide event.

ANDREWS, J., concurred in the result.

Judgment reversed and new trial ordered, with costs to appellants to abide event.