IN THE MATTER OF THE CHARGES AGAINST LEMUEL
DARROW AND JOHN W. TALBOT.

[No. 21,713.   Filed July 1, 1910.   Rehearing denied and opinion
modified December 16, 1910.]

1. COURTS.—*Jurisdiction.*—*Attorneys.*—*Disbarment.*—Under §1011
Burns 1908, §976 R. S. 1881, providing that a proceeding to dis-
bar an attorney "may be filed in any court in which the attorney
practices," the circuit court of a county in which such attorney
practices has jurisdiction of a disbarment proceeding against him
although ·he resides in another county and was admitted to the
bar in such other county.   p. 48.

2. VENUE.—*Change of.*—*Attorneys.*—*Disbarment.*—Prosecutors ap-
pointed by the court to prefer and prosecute charges against at-
torneys for disbarment have a right to a change of venue from
the county, the procedure in such actions being governed by the
civil code, except as otherwise specially provided.   p. 48.

3. ATTORNEYS.—*Disbarment.*—*Action.*—*Adversary Parties.*—In an
action to disbar attorneys, the person filing the affidavit therefor,
or the persons appointed by the court to prosecute, constitute
adversary parties to the attorneys charged, the proceeding being
an adversary one and not *ex parte.*   pp. 49, 50.

4. PARTIES.—*Disbarment of Attorneys.*—In an action to disbar an
attorney, brought by an order of the court, the State may be
·denominated as plaintiff, though it is not absolutely necessary
that any one should be so named.   p. 50.

5. VENUE.—*Change of.*—*Discretion.*—*Appeal.*—The granting of a
change of venue to a certain county will not be reversed on
appeal, except for the trial judge's abuse of discretion.   p. 51.

6. ATTORNEYS.—*Disbarment.*—*Joinder   of   Defendants.*—*Separate
Trials.*—Attorneys who are jointly charged in a disbarment pro-
ceeding with the joint commission of certain unprofessional con-
duct have no right to a separate trial, §2135 Burns 1908, Acts
1905 p. 584, §259, providing for separate trials for joint defend
ants in criminal cases having no application, since a proceeding
for disbarment is a civil action.   p. 51.

7. EVIDENCE.—*Character and Honesty.*—*Limitations of Time Cov-
ered.*—*Disbarment.*—Where, in a criminal or a civil case, a de-
fendant is permitted to introduce evidence of his character for
honesty and the like, he must limit such evidence to the time
before the alleged offense, and if not so limited the trial court
should exclude it.   p. 51.

In re Darrow and Talbot—175 Ind. 44.

8. **APPEAL.**—*Briefs.—References to Paging of Transcript.—Waiver.*—Appellants' failure in their brief to give the page or the line of the transcript where the alleged erroneous rulings may be found, or where such rulings are assigned as causes for a new trial, waives any questions thereon. p. 52.

9. **ATTORNEYS.**—*Disbarment.—Instructions.—Consequences of Verdict.*—In an action to disbar attorneys, an instruction that includes §1011 Burns 1908, §976 R. S. 1881, providing in part that disbarred attorneys may appeal from the judgment thereof, or may move for reinstatement, and concluding by charging the jury carefully to consider the grave responsibility resting upon them, the grave consequences to the defendants, or to any one of them, and carefully to sift the evidence, make up their minds clearly, and decide fearlessly, is not prejudicial, but favorable, to defendants. p. 53.

10. **TRIAL.** — *Instructions.* — *Oral.* — *Questioning.* — Under §544a Burns 1905, Acts 1903 p. 338, §1, providing that all instructions "shall be in writing," but that if the "parties consent thereto" they may be given orally, where the judge orders the return of the jury, and over the objection of defendants to the giving of "any further instructions," gave an oral instruction, it will be presumed that such instruction was given orally by consent. p. 54.

11. **TRIAL.**—*Instructions after Retirement of Jury.—Discretion.—Appeal.*—The trial court has a wide discretion in calling back a jury after retirement and giving further instructions, and such discretion will not be interfered with on appeal except in cases of abuse. p. 55.

12. **ATTORNEYS.** — *Disbarment.* — *Burden of Proof.* — *Reasonable Doubt.*—In an action to disbar attorneys, proof of the charges by a preponderance of the evidence is sufficient, though the facts alleged constitute a crime, proof beyond a reasonable doubt being required only in criminal prosecutions. p. 56.

13. **TRIAL.** — *Instructions.* — *Contradictory.* — *When Harmless.* — Where three instructions given are contradictory, but each is more favorable to appellants than they were entitled to, appellants have no cause for complaint. p. 56.

14. **TRIAL.**—*Instructions.—Inviting Error.—Requesting Similar Instructions.*—Where defendants ask similar instructions to those given, they have no cause to complain of those given. p. 57.

15. **TRIAL.**—*Instruction Withdrawing Evidence.—Invasion of Province of Jury.*—An instruction withdrawing certain evidence from the jury is not erroneous on the ground that it invades the province of the jury. p. 57.

16. **TRIAL.**—*Instructions.—Invading Province of Jury.—Directing Jury to Consider Evidence.*—An instruction that in determining

the credibility of the witnesses and the weight to be given to their testimony, the jury "should" consider their interest, if any, and their manner and conduct, does not invade the province of the jury.  p. 57.

17.  ATTORNEYS.—*Disbarment.—Instructions.—Time and Place of Committing Acts.*—In an action against defendants for disbarment, an instruction that "the main proposition was whether there was a fraud committed" upon the court, and whether such fraud was committed by one or more of the defendants acting separately or together, and, if so, it did not matter on what date within the alleged dates it was committed, nor where it was committed, but that if the jury should clearly find that it was done, the finding should be for disbarment, does not invade the province of the jury, though there was conflicting evidence as to whether the acts charged were committed on a certain date.  p. 58.

18.  TRIAL.—*Instructions.—How Considered.*—When the instructions considered as a whole fairly state the law, mere defects will not constitute reversible error.  p. 58.

19.  TRIAL.—*Instructions.—Misleading.—Duties of Jurors.*—An instruction setting forth the duties of jurors in reference to their deliberations in such a way as to be misleading should be refused.  p. 58.

20.  ATTORNEYS.—*Disbarment.—Proof Required.—Instructions.*—It is not erroneous, in a disbarment case, to refuse an instruction placing upon those prosecuting the proceeding, the burden of proving the alleged charges by more than a fair preponderance of the evidence.  p. 59.

21.  APPEAL.—*Weighing Evidence.*—The Supreme Court cannot weigh conflicting evidence.  p. 59.

From Elkhart Circuit Court;  *James S. Dodge,* Judge.

Disbarment proceeding against Lemuel Darrow and others. From a judgment of disbarment, defendants Darrow and Talbot appeal.  *Affirmed.*

*Andrew J. Hickey, Elias D. Salsbury, Samuel Parker Elsworth E. Weir, Perry L. Turner, Joseph E. Talbot* and *Deahl & Deahl,* for appellants.

*Osborn & McVey* and *James F. Gallaher, contra.*

MONKS, C. J.—This proceeding was brought by prosecutors appointed by the Laporte Circuit Court against appellants and another to disbar them from the practice of

law in this State on account of alleged misconduct in said court.

Each appellant filed an answer in abatement. The prosecutors filed a demurrer for want of facts to each of said answers in abatement, which demurrers were sustained by the court.

A demurrer was filed by each of appellants to the complaint and was overruled by the court. Appellants then answered by general denial.

Appellants filed a motion and affidavit for a change of venue, and the court changed the venue of said cause to the St. Joseph Circuit Court, and on application of the prosecutors the venue of said cause was changed by the St. Joseph Circuit Court to the Elkhart Circuit Court. The cause was tried in the last named court by a jury, and a verdict returned against appellants, and over the separate motion of each appellant for a new trial judgment was rendered upon the verdict disbarring appellants.

The complaint, in substance, charged appellants and another with having corruptly conspired and confederated together to prevent the due course of justice, and to mislead the court and the jury by procuring a witness to testify falsely in the action of The State of Indiana against Stella Lula for grand larceny then pending in the Laporte Circuit Court, and in pursuance of said conspiracy did corruptly procure and hire said witness for $25 so to testify in said court. The details of the conspiracy and procurement are fully set out. It is also alleged in the complaint that said appellant Darrow was admitted to practice in all the courts of this State by the Laporte Circuit Court, and that appellant Talbot was admitted to practice in all the courts of this State by the St. Joseph Circuit Court; that each, from the date of his said admission to the time of the acts complained of, had practiced in the Laporte Circuit Court. The order of the court appointing said prosecutors and the charges preferred by them were sufficient in form and substance.

Appellant Talbot contends that the Laporte Circuit Court had no jurisdiction over his person, and that consequently the Elkhart Circuit Court, where the cause was tried,

1. had no jurisdiction over his person. This question is presented by demurrer to his plea in abatement. He bases this contention on the ground that he was not, when he filed said answer in abatement, and never had been a resident of Laporte county, and had not practiced in the Laporte Circuit Court, except in certain cases. · The statute concerning disbarment proceedings provides as follows: "The proceedings to remove or suspend an attorney may be commenced by direction of the court or on motion of an individual. In the former case, the court must direct some attorney to draw up and prosecute the accusation; in the latter case, it may be drawn up by any person, and sworn to by the person making it. Such accusation may be filed in any court in which the attorney practices; and after five days' notice of the filing, the attorney shall be bound to appear and plead to the same, or suffer judgment by default. If he appear, pleadings may be filed and trial had as in other cases." §1011 Burns 1908, §976 R. S. 1881, being §845 of "An act concerning proceedings in civil cases," in force since September 19, 1881 (Acts 1881 p. 386).

The plea in abatement filed by said Talbot shows that he had practiced in said Laporte Circuit Court, and said section of the statute expressly provides that "such accusation may be filed in any court in which the attorney practices." This section of the statute gave said Laporte Circuit Court jurisdiction over the person of said Talbot in said cause.

It is next contended that the St. Joseph Circuit Court erred in granting a change of venue from that court to

2. the Elkhart Circuit Court upon the motion of the prosecution, over the objection of appellants.

It is expressly provided in §1011, *supra*, that if the accused appear, "pleadings may be filed and trial had as in other cases." This would appear to include not only pleadings,

but all that appertains to the trial of such cause—that is, a change of venue, jury trial, etc. It was held in the case of *Reilly* v. *Cavenaugh* (1879), 32 Ind. 214, that under said §1011, *supra*, there was a right to jury trial. It was expressly held in the case of *In re Griffin* (1904), 33 Ind. App. 153, that the accused was entitled to a change of venue. Section 3101 Burns 1908, Acts 1895 p. 205, §1, which authorizes proceedings for the appointment of a guardian for a person of unsound mind, provides that the " issue shall be tried as the issues in civil actions are tried, by the court, or by a jury, to be impaneled under the direction of said court." This court held in the case of *Berry* v. *Berry* (1897), 147 Ind. 176, under said provision, that a change of venue might be had in such special proceeding by virtue of §422 Burns 1908, §412 R. S. 1881, of the code of civil procedure.

This proceeding, being to disbar an attorney under the provisions of §1011, *supra*, is subject, therefore, to the rules of civil procedure, except as otherwise specifically provided as to such proceedings for disbarment. *Weakley* v. *Wolf* (1897), 148 Ind. 208; *Berry* v. *Berry* (1897), 147 Ind. 176; *Ex parte Walls* (1880), 73 Ind. 95, 107; *Reilly* v. *Cavenaugh*, *supra*.

It is insisted by appellants, however, that §422, *supra*, under which said change of venue was granted, contemplates that changes of venue shall be granted in adversary proceedings only; that is, there shall be a party plaintiff and a party defendant; that this proceeding is *ex parte*, and not adversary.

Regardless of the title of the case, the proceeding is not *ex parte*, but is an adversary one. There was an accusation or complaint filed against appellants and issues formed thereon by a general denial filed by them, a jury trial and a verdict in all respects in conformity with our code of civil procedure, and a judgment on the verdict, which is conclusive upon the parties, and can be pleaded as a bar to another action for the same cause, so long as it remains in force.

This constitutes an adversary, and not an *ex parte* proceeding. *Berry* v. *Berry, supra.*

While no plaintiff is named in this proceeding, and the cause may be prosecuted without naming a plaintiff when brought on the order of the court, it may properly be instituted in the name of the State, when brought on the order of the court. This is true, because the State has a direct interest in seeing that the even course of justice be not interfered with, and that attorneys, who are officers of the court, and clothed with authority to present and defend causes, shall perform their duties honestly and not corruptly, and with equal fairness to the court and their clients. And thus §1011, *supra*, places the duty upon the court, when advised that an attorney practicing before it has violated his duty to the detriment of either his client or the court, to appoint an attorney to represent the State and appear as the prosecutor for the State, to the end that if the offender be found guilty he shall be stripped of his authority and privileges as an attorney. It follows that as representatives of the State the prosecutors have the right to invoke the aid of any rule of procedure accorded to other parties in similar actions.

If it be true, as contended by appellants, that there is no party plaintiff in this cause, and therefore no change of venue can be granted to plaintiff, since a change can be granted only upon the motion of a party to the action, then the State or the prosecutors would indeed be in a strange condition at the trial, since subpoenas are issued only upon application of a party to the action. §507 Burns 1908, §484 R. S. 1881. Though defendant is entitled to a jury (*Reilly* v. *Cavenaugh, supra*), the prosecutors would not be, since a jury is had upon the demand of either party. §545 Burns 1908, §520 R. S. 1881. They would have no peremptory challenges, since only parties may challenge. §556 Burns 1908, §531 R. S. 1881. The jury would have nothing to try, since they are to try the matters in issue between the parties. §555 Burns 1908, §530 R. S. 1881. They could not open the case, since the party upon whom

rests the burden must do so. §558 Burns 1908, §533 R. S. 1881. They could not have instructions, since only "either party" has this privilege, (§558 Burns 1908, subd. 4, §533 R. S. 1881), and so on, through every step of the trial. The

5. court did not err in sustaining said motion for a change of venue, neither did the court err in granting the change to Elkhart county, there being no abuse of discretion shown.

It is next insisted by appellants that the court erred in refusing to grant each appellant a separate trial of said cause,

6. on the ground that disbarment proceedings are special in their nature, and that the statute makes no provision for a joinder of parties defendant in such proceedings. It is clear, however, that when two or more attorneys jointly commit acts which, if proved, justify the disbarment of each, they may be jointly charged as together doing the acts, and it is not error to refuse a separate trial to each in the absence of a statute giving such right; but they may be tried together, and one or more may be acquitted and the others convicted, or all may be acquitted or convicted, according to the evidence. *Klingensmith* v. *Kepler* (1872), 41 Ind. 341; *In re Wilson* (1909), 79 Kan. 450, 100 Pac. 75.

The statute (§2135 Burns 1908, Acts 1905 p. 584, §259) concerning the trial of criminal prosecutions, providing that "when the indictment or affidavit is for a felony charged against two or more defendants jointly, any defendant so requiring it, before the jury is sworn, must be tried separately," does not apply. This is not a criminal case, and there is no statute giving either appellant the right to a separate trial thereof. The court did not err, therefore, in refusing to grant each appellant a separate trial.

Appellant Darrow insists that the court erred in excluding evidence as to his general moral character and his general

7. character for honesty, and as to his professional character. He bases this contention on the theory that "under the averments in the accusation, and in support thereof, evidence had been given in this case to the

effect that appellants had suborned Rose Duck, and had procured her to give false testimony in the case on trial in the Laporte Circuit Court.   *   *   *   We contend that where a man is charged with a crime which attacks or throws suspicion upon his character for honesty, morality, integrity or professional conduct, he has a right to prove, as a substantive fact, his general good character in respect to the particular traits of character involved."

The rule is that when a party to a criminal or other case is entitled to prove his good character, it is limited to the trait of character involved in the crime charged.   But such evidence must be limited to proof of such person's general character as to such trait as it existed before the alleged offense or "*ante litem motam.*"   *Walker* v. *State* (1885), 102 Ind. 502; *State* v. *Bloom* (1879), 68 Ind. 54. 34 Am. Rep. 247; 16 Cyc. 1278.

Said offered testimony as to the good character of appellant Darrow was not so limited, at least as to time, as required by said rule.   It was therefore properly excluded, and it is not necessary to determine whether such testimony, if properly limited as to the trait involved and as to time, would have been admissible.   See, however, *Continental Ins. Co.* v. *Jachnichen* (1886), 110 Ind. 59, 59 Am. Rep. 194, and cases cited; *Gebhart* v. *Burkett* (1877), 57 Ind. 378, 26 Am. Rep. 61; *Elliott* v. *Russell* (1884), 92 Ind. 526.

Complaint is made by appellants of certain other rulings of the court in admitting and excluding evidence, and of the action of the court in stating to the jury the purpose 8.   for which certain evidence was admitted, but as appellants in the "Points," in their brief have failed to set out either the page and the line of the record where such rulings may be found, or the page and the line of the record where such rulings are respectively assigned as causes for a new trial, such points will be regarded as waived, and will not be considered.   *Providence Washington Ins. Co.* v. *Wolf* (1907), 168 Ind. 690, 704, 120 Am. St. 395; *Indiana, etc., R. Co.* v. *Ditto* (1902), 158 Ind.

669, 672; *Cheek* v. *State* (1908), 171 Ind. 98, 101; Ewbank's Manual §182.

The judge, as a part of instruction one, read §1011 Burns 1908, §976 R. S. 1881, heretofore copied in this opinion, and also read as a part thereof, §1012 Burns 1908, §977 9. R. S. 1881, which is as follows: "In proceedings to remove or suspend an attorney, a judgment of acquittal shall be final and without appeal. But from a judgment of suspension or removal, or any other judgment against an attorney, the accused may appeal to the Supreme Court, in the same manner as from a judgment in a civil action. A motion may be made at any time to reinstate an attorney who has been suspended or removed."

After reading said section the judge closed said instruction as follows: "By reason of the principles in the above statutes, and of the law governing such matters, you are carefully to consider the grave responsibility resting upon you in this matter, the grave consequences to defendants, or to any one or more of them, and to the orderly administration of justice, and you should sift the evidence carefully, make up your minds clearly, and then decide the case fearlessly."

Appellants complain of that part of §1012, *supra,* in said instruction which provides that the accused may appeal from a judgment of suspension or removal and that he may move for reinstatement, because " these parts of the instruction were outside the issues."

While the jury may not have been entitled to know the consequences of their verdict, if for or against appellants, or that they had the right to appeal and also to move to be reinstated if the judgment and verdict were against them, we do not see how appellants could have been harmed by such knowledge on the part of the jury. *Keller* v. *Strasburger* (1882), 90 N. Y. 379, 382; *Commonwealth* v. *Harris* (1895), 168 Pa. St. 619, 628, 32 Atl. 92.

In the case of *Keller* v. *Strasburger, supra,* the court said on page 382: " While a trial judge cannot ordinarily be called

upon as a matter of right, by either party, to instruct the jury as to the consequences which may flow from their verdict, yet he may, in his discretion, so instruct them. It is frequently important to give the jury such instruction to induce them to greater care in weighing and scrutinizing the evidence, and we cannot say that the judge erred in giving it in this case."

It will be observed that the court, after reading to the jury §1012, *supra*, which informed them of the consequences of a verdict for or against appellants and of their right to appeal and also to move to be reinstated if the verdict and judgment were against them, cautioned them in explicit terms, as to the grave responsibility resting on them, and the grave consequences to appellants and the orderly administration of justice, and the consequent necessity of exercising great caution in deciding upon the verdict. The effect of such an admonition from the court, in connection with stating the consequence of their verdict, if any, was favorable and not prejudicial to appellants. *Keller* v. *Strasburger, supra; Commonwealth* v. *Harris, supra; People* v. *Dice* (1898), 120 Cal. 189, 202, 52 Pac. 477; *People* v. *Burns* (1883), 63 Cal. 614; *Crowell* v. *People* (1901), 190 Ill. 508, 514, 60 N. E. 872; *Stout* v. *State* (1883), 90 Ind. 1, 13, 14.

Appellants contend that the court erred in giving an oral instruction, which for identification was numbered fifty-six.

10. Section one of the act of 1903 (Acts 1903 p. 338, §544a Burns 1905), which was in force when this cause was tried, required that all instructions given by the court "shall be in writing." But said section also provided " that if the parties consent thereto, the court may instruct the jury orally, in which case the instructions so given shall be taken in shorthand by the court reporter and by him written out in longhand, and the same shall be numbered consecutively and signed by the judge and filed with the clerk at least one full day before the close of the term, and when so filed such instructions shall be deemed to have

been given in writing and exceptions thereto may be taken in either of the modes hereinabove prescribed."

It appears from the record that the court of its own motion, and over the objection of appellants, had the jury brought into court after they had been deliberating upon their verdict for more than twenty hours, "whereupon each appellant objected to the court's giving the jury any further instructions." The court overruled this objection, to which ruling each appellant, at the time, excepted, and the court thereupon gave to the jury orally said instruction fifty-six, which was at the time taken down in shorthand by the official court reporter, and written out in longhand, and was, with the other instructions given, dated and signed by the judge, filed with the clerk, and also with the other instructions made a part of the record by a bill of exceptions. Under such circumstances, appellants not having objected to the giving of said instruction orally, it will be presumed, nothing to the contrary appearing in the record, that they consented to the giving thereof orally as provided in section one of the act of 1903, *supra*. Elliott, App. Proc. §§709, 712; *State* v. *Preston* (1894), 4 Idaho 215, 221–223, 38 Pac. 694; *People* v. *Ferris* (1880), 56 Cal. 442, 445; *People* v. *Ludwig* (1897), 118 Cal. 328, 329, 50 Pac. 426.

It is within the discretion of the court of its own motion to recall the jury after they have retired, and give them further instructions. In this regard the trial court is vested with a large discretion, and its action in so doing is not reversible on appeal, unless an abuse of discretion is shown. 11 Ency. Pl. and Pr. 283, 284; *Breedlove* v. *Bundy* (1884), 96 Ind. 319; *Hartman* v. *Flaherty* (1882), 80 Ind. 472. See, also, *Sage* v. *Evansville, etc., R. Co.* (1893), 134 Ind. 100, 107, and cases cited. No abuse of such discretion is shown in this case.

It is claimed by appellants that before a verdict can be returned against them the charges must be established by

the evidence beyond a reasonable doubt. This is upon the ground that the facts alleged in the charges constitute a crime. In this State, however, in any case except a criminal prosecution, it is only necessary to prove the allegations of the complaint by a fair preponderance of the evidence, even though such allegations may charge a crime. *Continental Ins. Co.* v. *Jachnichen* (1887), 110 Ind. 59, 59 Am. Rep. 194; *Hale* v. *Matthews* (1889), 118 Ind. 527; *Reynolds* v. *State, ex rel.* (1888), 115 Ind. 421.

It is insisted by appellants that the court erred in giving instructions four, eight and fifty-six, because "they are contradictory and inconsistent with one another, and tend to mislead the jury and leave them in doubt as to the law." Citing *Wenning* v. *Teeple* (1896), 144 Ind. 189, 195; *Pittsburgh, etc., R. Co.* v. *Noftsger* (1897), 148 Ind. 101,109.

These objections were made upon the theory that proof of the charges by a preponderance of the evidence was not sufficient to establish them, which theory we have already held is erroneous. Granting, without deciding, that said instructions are inconsistent, and conceding it to be the general rule that "if two or more instructions are inconsistent and calculated to mislead the jury, or leave them in doubt as to the law it is cause for reversal," yet this rule has its exceptions. One of the exceptions is where, as in this case, each instruction was more favorable to appellants as to the degree of proof required than they were entitled to. It is evident that said instructions were not harmful to appellants. *Baughman* v. *Lowe* (1908), 41 Ind. App. 1, 2; *Lobdell* v. *Hall* (1867), 3 Nev. 507, 515; *Reardon* v. *Missouri Pac. R. Co.* (1893), 114 Mo. 384, 21 S. W. 731; *Williams* v. *Southern Pac. R. Co.* (1895), 110 Cal. 457, 462, 42 Pac. 974; *Dennison* v. *Chapman* (1895), 105 Cal. 447, 457, 458, 39 Pac. 61; *James* v. *E. G. Lyons Co.* (1905), 147 Cal. 69, 76, 77, 81 Pac. 275; *Carroll* v. *People* (1891), 136 Ill. 456, 27 N. E. 18; *Webster* v. *Sherman* (1906), 33 Mont. 448, 460, 461, 84 Pac.

878; *St. Joseph, etc., R. Co.* v. *Grover* (1873), 11 Kan. 302; *Denver, etc., Electric Co.* v. *Lawrence* (1903), 31 Colo. 301, 312, 73 Pac. 39.

Moreover, the error in said instructions, in stating the degree of proof necessary to establish said charges, was invited by appellants by asking therefor in instructions requested by them. It is settled that error cannot be made available for reversal by one who invites it. Ewbank's Manual §255.

Appellants object to that part of instruction twelve which told the jury " that the evidence relative to the transfers of real estate between defendants and Stella Lula was a matter of no importance to the issues, and that the consideration paid or to be paid Darrow and Worden for their services in the case of The State of Indiana against Lula should not be considered," because "it was for the jury to pass upon the weight to be given this evidence, and as this evidence was admitted for their consideration, the instruction invaded the province of the jury." The effect of said instruction was to withdraw from the consideration of the jury all the evidence described in said instruction, and said instruction expressly directed the jury not to consider it in making up their verdict. In no sense, therefore, can it be said, as urged by appellants, that said instruction invaded the province of the jury.

Appellants insist that the court invaded the province of the jury and committed reversible error in instructing the jury that in determining the credibility of the witnesses and the weight to be given their testimony the jury " should consider their interest, if any, their manner and conduct while testifying," etc. No error was committed by the court in using the word "should " in said instruction instead of " might " or " may." *Strebin* v. *Lavengood* (1904), 163 Ind. 478, 493, 494, and cases cited; *Indianapolis St. R. Co.* v. *Johnson* (1904), 163 Ind. 518, 526, 527; *Toledo, etc., R. Co.* v. *Fenstermaker* (1904), 163 Ind. 534, 540.

Appellants object to that part of instruction fifty-six, which informed the jury that " the main proposition was whether there was a fraud committed upon the Laporte Circuit Court between January 20, 1905, and February 11, 1905, and was that fraud committed by one or more of the defendants acting separately or together, and, if so, it does not matter on what date between these dates it was done. The place is of no importance as to where any given act was performed or done, if you can find clearly that it was done; but the question is, Was the thing done? The place is, as I say, of no importance, excepting as to the Laporte Circuit Court."

This instruction in no way invades the province of the jury. If appellants committed the acts charged, it was not material on what dates they were committed, as stated in said instruction, nor where any given act was done, if the jury " clearly found it was done." Neither did said instruction, as claimed by appellants, " invade the province of the jury, in view of the fact that Rose Duck testified that the agreement for her to give perjured testimony was made in Talbot's office on January 23, or 24, and that appellants' witnesses gave testimony that such meeting could not have occurred," because it in no way interfered with the right of the jury to determine all the essential facts in the case from the evidence given in the cause.

Objections are urged against other instructions, but they are either trivial and not controlling, or are predicated upon an improper and untenable construction of said instructions. When read and construed as an entirety they are not open to the objections urged.

The court did not err in refusing to give instruction six, requested by appellants, for the reason that it was not drawn in such a way as properly to inform the jury as to the right, duty and responsibility of each juror in consulting with his fellow jurors while deliberating upon a verdict, as declared by this court in the cases of

*Richardson* v. *Coleman* (1892), 131 Ind. 210, 31 Am. St. 429, Keesier v. State (1900), 154 Ind. 242, 247, 248, and in other cases, but was in such language as to mislead them concerning their rights and duties in such matters. *Addison* v. *People* (1901), 193 Ill. 405.

Instruction nine, requested by appellants, was properly refused, because it erroneously required a greater degree of proof to establish the charges against appellants than a fair preponderance of the evidence.

It is also urged by appellants that the verdict is contrary to law and is not sustained by sufficient evidence. There was evidence given which sustained every essential element of the charges against appellants, and although there was evidence given in conflict therewith, we are not authorized to weigh it.

Having determined all the questions not waived by a failure properly to present them in the statement of points (*Kelley* v. *Bell* [1909], 172 Ind. 590; *Pittsburgh, etc., R. Co.* v. *Lightheiser* [1907], 168 Ind. 438, 460, 467), and finding no available error, the judgment is affirmed.