S. M. Timberlake Co. *v.* Roundtree—73 Ind. App. 623.

---

## S. M. TIMBERLAKE COMPANY *v.* ROUNDTREE.

[No. 10,514.   Filed October 7, 1920.]

APPEAL.—*Review.—Instructions.—Invited Error.*—Appellant cannot complain of alleged error in an instruction given by the court, where an instruction given at appellant's request contained the same element as that which it contended made the court's instruction erroneous, as the error, if any, was invited.

From Marion Superior Court (105,862) ; *V. G. Clifford,* Judge.

Action by George Roundtree against the S. M. Timberlake. Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Frederick E. Matson, Ralph K. Kane, James A. Ross, Robert D. McCord* and *Adolph A. Schreiber,* for appellant.

*Franklin McCray, N. M. Taylor* and *Stuart A. Coulter,* for appellee.

BATMAN, J.—This is an action by appellee against appellant to recover damages alleged to have been sustained by the former as a result of the negligence of the latter. After issues were joined, the cause was tried by a jury resulting in a verdict and judgment in favor of appellee. Appellant filed a motion for a new trial, which was overruled, and this action of the court is the sole error assigned on appeal.

The only reason on which appellant bases its right to a new trial, not waived by a failure to state any proposition or point with reference thereto, is the action of the court in giving instruction No. 4. An examination of the record discloses that the element in said instruction which appellant claims renders the same erroneous is found in instruction No. 6 given by the court on its request. Appellant, therefore, is not in a position to complain of the action of the court in giving said instruction No. 4, as the error in so doing, if any, was invited. *Indiana Union Traction Co.* v. *Jacobs* (1906), 167 Ind. 85, 78 N. E. 325; *Eacock* v. *State* (1907), 169 Ind. 488, 82 N. E. 1039; *Duncan* v. *State* (1908), 171 Ind. 444, 86 N. E. 641; *Lawson* v. *State* (1908), 171 Ind. 431, 84 N. E. 974; *In re Darrow* (1910), 175 Ind. 44, 92 N. E. 369. Judgment affirmed.