KEENER *v.* STATE OF INDIANA.

[No. 13,768. Filed August 30, 1929.]

*Paul Brown*, for appellant.

*James M. Ogden*, Attorney-General, and *Merl M. Wall*, Deputy Attorney-General, for the State.

McMahan, C. J.—Appellant was convicted of operating an automobile while under the influence of intoxicating liquor, his punishment being fixed at a fine of $50, and imprisonment at the Indiana State Farm for thirty days.

He contends the court erred in refusing to allow Maurice C. Goodwin to testify concerning his general reputation for morality in the community in which he resided. Appellant testified as a witness in his own behalf concerning the circumstances of his arrest, and that he was not under the influence of intoxicating liquor at the time mentioned in the affidavit, as testified to by a number of the State's witnesses. Later, he called a number of witnesses, including Goodwin, who testified that his general reputation in the vicinity where he resided for sobriety was good. No attempt was made by the State to impeach appellant, or to attack his credibility as a witness, by cross-examination or otherwise, and there is no claim that the testimony as to his general moral character was offered for the purpose of affecting his credibility as a witness. His contention is that testimony as to his general moral character

was admissible without reference to, and without being limited to, the particular trait of character involved in the crime charged. This contention cannot prevail. A defendant in a criminal case may introduce evidence of his general moral character, but such proof must be limited and confined to the trait of character involved in the charge for which he is being tried. The Supreme Court, in discussing this subject, said: "If a defendant, when put upon trial for an alleged crime, has a right to prove his good character in all respects and in all traits, without limitation to the traits supposed to render the commission of the crime improbable, and gives such evidence, it would seem to follow that the State would then have a right to attack that character in as broad a sense as that in which it was sustained by the evidence given by the defendant. The State would have the right, in other words, to disprove the case made by the defendant as to character, in all its parts. Nothing occurs to us that the defendant may prove by way of defense which the State may not disprove. Hence, if, on the trial of a woman for larceny, she legally gives evidence of her general good character, without limitation, that evidence would include good character as to chastity, veracity, etc., as well as honesty. The State, it would seem, could then attack the case made by her in all its parts, and show that her general character for chastity, veracity, etc., as well as honesty, was bad. The law does not contemplate the raising of such irrelevant issues." *State* v. *Bloom* (1879), 68 Ind. 54, 57. "The rule is that when a party to a criminal or other case is entitled to prove his good character, it is limited to the trait of character involved in the crime charged. But such evidence must be limited to proof of such person's general character as to such trait as it existed before the alleged offense or *ante litem motam.*" *In re Darrow* (1910), 175 Ind. 44, 92 N. E. 369. To same effect, see *Walker* v.

*State* (1885), 102 Ind. 502, 1 N. E. 856; *Kahlenbeck* v. *State* (1889), 119 Ind. 118, 21 N. E. 460.

Judgment affirmed.